# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRIMES, | CASE NO. 1:10-CV-02272-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| K. KODGER, | (DOC. 1) |
| Defendant. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

### Screening Order

**I.  Background**

Plaintiff James Grimes ("Plaintiff") is a federal prisoner, proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), which provides a remedy for violations of civil rights by federal actors. Plaintiff initiated this action by filing his complaint on December 8, 2010. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary Of Complaint And Analysis

Plaintiff was incarcerated at United States Penitentiary - Atwater ("USP-Atwater"), where the events giving rise to this action occurred.  Plaintiff names K. Kodger of the psychology department as Defendant.

Plaintiff alleges the following.  Defendant Kodger engaged in allegedly deceitful conduct by placing Plaintiff's name on a confidential list of individuals who are not in Defendant's care or the department's (presumably the psychology department's) care.  As a result of Defendant's actions, Plaintiff's reputation was jeopardized with other staff and inmates, and Plaintiff suffered unnamed restrictions.  Plaintiff lists having only 10 points (a presumed reference to his classification status), being in the honor unit, and the number 1 on-call electrician.  Plaintiff requests that he be removed from the list, and that he not be retaliated against, including prison transfer or property damage.  Plaintiff also requests compensation for mental and physical injuries.

Plaintiff fails to state a claim.  It is unclear what violation has occurred, if any.  If Plaintiff is complaining that he was classified improperly and lost certain eligibility for rehabilitative programs, Plaintiff fails to state a claim.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting that Congress empowered federal prison system with full discretion to control prisoner classification and eligibility for rehabilitative systems, and that federal prisoners "[have] no legitimate authority or constitutional entitlement sufficient to invoke due process") (citing 18 U.S.C. § 4081).  Plaintiff has no due process claim regarding his classification status or eligibility for rehabilitative programs.  Any potential loss of reputation also fails to state a claim because injury to reputation alone does not result in the deprivation of a liberty or a property interest

protected by the Due Process Clause of the Fourteenth Amendment. *See Paul v. Davis*, 424 U.S. 693, 713 (1976); *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986).

### III. In Forma Pauperis Status On Appeal

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "Not taken in good faith" means "frivolous." *Ellis v. United States*, 356 U.S. 674, 674-75 (1958) (per curiam); *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of in forma pauperis status is appropriate where district court finds the appeal to be frivolous).

Here, Plaintiff's arguments are mainly nonsensical and devoid of specific factual allegations that support a claim. If Plaintiff is contending a due process violation because of his change of classification status or loss of eligibility for rehabilitative programs, Plaintiff's claim fails as a matter of law. *Moody*, 429 U.S. at 88 n.9. Thus, any appeal taken would be frivolous.

### IV. Conclusion And Order

Plaintiff fails to state a claim against Defendant Kodger. The Court finds that Plaintiff will not be able to cure the deficiencies in his complaint even if provided the opportunity to amend. Accordingly, further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that

1. This action is DISMISSED for failure to state a claim upon which relief may be granted;
2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g);
3. The Clerk of the Court is directed to close this action; and
4. Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this order is not taken in good faith, and Plaintiff is not entitled to proceed in forma pauperis on appeal.

IT IS SO ORDERED.

Dated:   June 3, 2011                       /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE